IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CR-008-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>VALENTINO CABRAL DAROSA )<br>) | ORDER |

**THIS MATTER** is before the Court upon the defendant's motion to suppress evidence based on alleged unconstitutional searches of his car and apartment, (Doc. No. 22), the government's response, (Doc. No. 25), and the defendant's reply, (Doc. No. 27). For the reasons below, the Court will deny the motion.

I. BACKGROUND

The defendant is charged with robbing a business affecting interstate commerce, (Count One); using, carrying, and brandishing a firearm during and in relation to that robbery (Count Two); and possessing a firearm as a felon (Count Three). (Doc. No. 1: Indictment). Evidence in the case resulted from the execution of a Search Warrant on November 5, 2020, for 4845 Ashley Park Lane, Apartment 244, in Charlotte, North Carolina, and a black Infiniti M35 with North Carolina tag TCV-8809. (Doc. No. 25-1). The defendant alleges that the supporting Affidavit did not establish probable cause, as required by Fourth Amendment; thus, all evidence resulting from the search should be suppressed. (Doc. No. 22: Motion at 1)

1

II. DISCUSSION

A. Standard of Review

The issue raised by the defendant involves review of the sufficiency of the Affidavit presented to the North Carolina magistrate who issued the Search Warrant; therefore, a hearing is not necessary. "Whether probable cause for a search exists is a 'practical, common-sense' question, asking whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Blakeney, 949 F.3d 851, 859 (4th Cir. 2020) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). A magistrate's determination of probable cause is given "'great deference,'" and a reviewing court asks "only 'whether the judicial officer had a "substantial basis" for finding probable cause.'" Id. (quoting Gates, 462 U.S. at 236-38. Additionally, a court may properly rely on an experienced officer's assertion, based on training and experience, to tie evidence of criminal activity to a suspect's residence. United States v. Williams, 548 F.3d 311, 320 (4th Cir. 2008).

B. Search Warrant Affidavit

The Search Warrant Affidavit reads:

Detective J Andersen #4858 has been a police Officer with the Charlotte Mecklenburg Police Department for over eight years. Detective Andersen is currently assigned to the Charlotte Mecklenburg Police Department's Armed Robbery Unit. Detective Andersen investigates various armed robberies and common law robberies throughout Charlotte, North Carolina. Prior to becoming a Detective, Detective Andersen worked as a patrol officer in the Charlotte Mecklenburg Police Department. During this time, Detective Andersen was responsible for answering 911 calls for service, conducting initial

2

investigations of crimes reported by citizens, and taking detailed reports for citizens that were victims and witnesses of crimes. Detective Andersen has attended training at the Charlotte Mecklenburg Police Department's academy for basic law enforcement. Detective Andersen has been trained in the identification of narcotics through the Charlotte Mecklenburg Police Department. Detective Andersen has made multiple robbery with a dangerous weapon, common law robbery, attempted first degree murder, assault with deadly weapon, and narcotic related arrests. Detective Andersen has interviewed numerous victims, witnesses, and suspects of various crimes. Detective Andersen has investigated hundreds of robbery with a dangerous weapon, common law robbery, and violent assault investigations throughout Charlotte, North Carolina. Detective Andersen has attained a certificate in Advanced Investigations through the Charlotte Mecklenburg Police Department. Detective Andersen has trained in the execution of high-risk search warrants through the Charlotte Mecklenburg Police Department. Detective Andersen has written numerous search warrants and has successfully completed a search warrant class with the Charlotte Mecklenburg Police Department. Detective Andersen, having knowledge of this incident, swears to the following:

October 23, 2020, at 10:09 AM, Officers with the Charlotte Mecklenburg Police Department were dispatched to 11318 N Community House Rd, Suite 301, Charlotte, NC 28277 (Atlantic Metals Xchange) in response to an armed robbery call for service.

Upon arrival, Officers met with the victim who stated that a black male, who was tall, medium build, short black hair, wearing all black dress clothes, black gloves, and a black mask robbed him at gunpoint.

The victim stated that the defendant made him unplug the video surveillance's digital video recorder and open the safes. The defendant then handed the victim handcuffs and forced him to handcuff himself. The defendant then duct taped the victim's hands together. The defendant took $133,980 in property, consisting of platinum, gold, silver, diamonds, jewelry, US currency, a Smith and Wesson 9mm handgun, the digital video recorder for the surveillance system, black backpack, white Apple iPhone X, vintage collectible currency, and the victim's wallet. These items were carried away, by the defendant, in the victim's black backpack and an empty cardboard box taken from the incident location.

> The defendant left a notebook at the incident scene and it was seized as evidence. Fingerprints were lifted from the notebook and the defendant was identified as Valentino Darosa. Multiple warrants were issued for Darosa relating to this robbery incident.
>
> On November 5, 2020 around 1:21 PM, CMPD Officers located and stopped Darosa in a black lnfiniti M35 sedan displaying NC tag TCV-8809. The vehicle was stopped in a gated parking area near 4845 Ashley Park Ln. The vehicle is registered to Darosa. He was arrested for the warrants. It is probable to believe that evidence related to the crime of robbery with a dangerous weapon could be found inside the defendant's vehicle.
>
> Darosa lives at 4845 Ashley Park Ln. Apartment 244 with his girlfriend. Darosa is on probation and that address is listed on his probation documentation.
>
> Through Detective Andersen's training and experience, he knows that the items taken during the robbery with a dangerous weapon incident could be difficult to sell or trade for the average person, making it probable that the defendant will still have these items. Detective Andersen also knows that persons involved in criminal activity often store and keep stolen items at their place of residence and/or inside of his or her vehicle.
>
> Based on the above information Detective Andersen believes there is probable cause to search the Infiniti sedan with NC tag TCV-8809 and Darosa's residence at 4845 Ashley Park Ln. Apartment 244 for the items stolen during this robbery incident and the items used to commit the robbery.

(Doc. No. 25-1 at 4-5).

    C.    Substantial Basis

The defendant argues that the magistrate erred in issuing the Search Warrant because Det. Andersen's Affidavit did not provide a substantial basis for concluding that defendant committed the robbery and that evidence would be found

4

in the places to be searched. (Doc. No. 22 at 4, 6). Specifically, the defendant contends that his fingerprint on the notebook left at the scene is not probative because the detective did not conduct investigation to rule out whether the defendant had other opportunities to touch notebook and did not show the defendant's photograph to the victim for identification as the robbery suspect.[1] (Id. at 5). The Fourth Circuit has recognized that the probable cause standard "does not require an affiant to rule out all innocent explanations for suspicious facts before seeking a warrant." United States v. Blakeney, 949 F.3d 851, 860 (4th Cir. 2020). Rather, the question before this Court is whether the facts conveyed to the magistrate provided a substantial basis for concluding there was a "fair probability" evidence of the robbery would be found in the defendant's apartment and car. Id.

The robber's conduct of wearing a black mask and gloves and dismantling the surveillance video recorder limited the opportunity for the victim to make a visual identification and for police to lift fingerprints at the scene. Thus, the defendant's fingerprint on a notebook left there was probative to suspect him as the robber. Det. Andersen is an experienced police officer who has investigated hundreds of

---

[1] The defendant relies on United States v. Strayhorn, 743 F.3d 917 (4th Cir. 2014), and United States v. Corso, 439 F.2d 956, 957 (4th Cir. 1971), for the proposition that the value of a fingerprint on a readily movable object is "highly questionable." (Doc. No. 22: Motion at 4-5). Those cases each involved the insufficiency of a fingerprint, unsupported by additional incriminating evidence, to sustain a conviction beyond a reasonable doubt. That standard is much higher than probable cause, which the Supreme Court describes as "not a high bar," Kaley v. United States, 571 U.S. 320, 339 (2014) (citing Gerstein v. Pugh, 420 U.S. 103, 121 (1974) (contrasting probable cause to reasonable-doubt and preponderance standards)).

5

robberies. He articulated that the items taken in this robbery, including precious metals, jewelry, and collectible currency, could be difficult to sell or trade. Based on his experience, residences and vehicles are often used to store stolen items. This information, taken together with the defendant's presence in the Infiniti M35 near the apartment listed as his residence on probation documents within two weeks of the robbery, provided the magistrate judge with a substantial basis to conclude there was a fair probability that evidence of the crime would be found in those places. Accordingly, the searches authorized by the Search Warrant did not violate the defendant's Fourth Amendment rights.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion to suppress, (Doc. No. 22), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: September 2, 2021

Robert J. Conrad, Jr.
United States District Judge

6

Case 3:21-cr-00008-RJC-DSC    Document 38    Filed 09/02/21    Page 6 of 6